UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEIGH SMITH,<br><br>    Petitioner,<br><br>v.<br><br>J. ESPINOZA, WARDEN,<br><br>    Respondents. | No. 2:18-cv-2877 AC P<br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 29, 2018. ECF No. 1. On November 11, 2018, petitioner paid the filing fee.

I.     SCREENING REQUIREMENT

The court is required to screen all actions brought by prisoners who seek any form of relief, including habeas relief, from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1),(2). This means the court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4 Governing Section 2254 Cases.

////

1

Rule 11 of the Rules Governing Section 2254 Cases provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Drawing on the Federal Rules of Civil Procedure, when considering whether a petition presents a claim upon which habeas relief can be granted, the court must accept the allegations of the petition as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the petition in the light most favorable to the petitioner, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982). Pro se pleadings are held to a less stringent standard than those drafted by lawyers, see Haines v. Kerner, 404 U.S. 519, 520 (1972), but "[i]t is well-settled that '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.'" Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) (quoting James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)). See also Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002) ("Pro se habeas petitioners may not be held to the same technical standards as litigants represented by counsel."); Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) ("[T]he petitioner is not entitled to the benefit of every conceivable doubt; the court is obligated to draw only reasonable factual inferences in the petitioner's favor.").

II. PETITIONER'S CLAIMS

In the petition, petitioner states that on May 9, 2016, she was convicted of second-degree murder in violation of California Penal Code § 187(a) and of assault of a child under eight years old with great bodily injury causing death, in violation of California Penal Code § 273ab. See ECF No. 1 at 1. Petitioner makes two claims in the instant petition: (1) that Section 273ab is "unconstitutional on Count 2 resulting in a 25 to Life Sentence [sic] ("Claim One")," and (2) that there was insufficient evidence to convict her of a violation of Section 273ab because the statute requires the use of force ("Claim Two"). See id. at 5-7.

III. DISCUSSION

Rule 2(c) of the Rules Governing § 2254 Cases requires every habeas petition to (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground, and (3) state the relief requested. Although, as stated above, pro se petitions receive less

scrutiny for precision than those drafted by lawyers, a petitioner must give fair notice of his claims by stating the factual and legal elements of each claim in a short, plain, and succinct manner. See Mayle v. Felix, 545 U.S. 644, 648 (2005) ("In ordinary civil proceedings . . . Rule 8 of the Federal Rules of Civil Procedure requires only 'a short and plain statement . . . . Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement.") Allegations in a petition that are vague, conclusory, or palpably incredible, and that are unsupported by a statement of specific facts, are insufficient to warrant relief and are subject to summary dismissal. See, e.g., Jones v. Gomez, 66 F.3d 199, 204-205 (9th Cir.1995); James v. Borg, 24 F.3d 20, 26 (9th Cir.1994).

The claims as currently asserted are unclear with respect to which of petitioner's constitutional rights she believes have been violated. The claims also appear to overlap. In Claim One, petitioner initially appears to contest the length of her 25-years-to-life sentence, yet the subsequent facts petitioner uses to support the claim lend themselves to support of an insufficiency of the evidence argument. See ECF No. 1 at 5 (arguing Section 273ab requires showing of use of force or infliction of injury). Claim Two, on the other hand, makes a bare bones insufficiency of the evidence argument. See id. at 7 (arguing insufficient evidence to support Section 273ab conviction because court documents establish neither force nor injury were inflicted by petitioner).

Given these facts, the instant petition is not compliant with Rule 2(c) and other related habeas rules and law. Therefore, petitioner will be given an opportunity to amend the petition.

The court will provide petitioner with another petition form. The amended petition must be filed on that form. It shall be entitled "First Amended Petition," and it must bear the case number assigned to this action. The amended petition must also clearly state all claims and prayers for relief.

Accordingly, IT IS HEREBY ORDERED that:

1. The instant petition is DISMISSED with leave to amend;

2. Within thirty days of the date of this order, petitioner shall file an amended petition;

////

3. Failure to file an amended petition will result in a recommendation that this action be dismissed, and

4. The Clerk of Court is directed to send petitioner this court's petition for writ of habeas corpus 28 U.S.C. § 2254 form.

DATED: December 14, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE